**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tiff'ny Palmore, Joshua Sistrunk, and Mathia Chambers,
Defendants,

Of whom Tiff'ny Palmore is the Appellant

and

Joshua Sistrunk and Mathia Chambers are Respondents.

Appellate Case No. 2023-001685

———————

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-406
Submitted November 14, 2024 – Filed November 26, 2024

———————

**REVERSED AND REMANDED**

———————

Nancy Carol Fennell, of Irmo, for Appellant.

Lyn Howell Hensel, of Law Office of Lyn Howell
Hensel, of Columbia, for Respondent Joshua Sistrunk.

Mathia Chambers, of Columbia, pro se.

Becky M. Farmer, of South Carolina Department of
Social Services, of Columbia, for Respondent South
Carolina Department of Social Services.

Angela L. Kohel, of Richland County CASA, of
Columbia, for the Guardian ad Litem.

---

**PER CURIAM:**  Tiff'ny Palmore (Mother) appeals the family court's order granting permanent custody of her minor child (Child), to Tyrone Graham (Father) and dismissing Child from the case.  On appeal, Mother argues the family court erred in granting Father legal and physical custody without first adjudicating the merits of the abuse and neglect action.  We reverse and remand.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Under the de novo standard of review, "the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)).  "'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."  S.C. Code Ann. § 63-7-20(22) (Supp. 2024).

This case began as a removal action regarding two of Child's siblings.  Although the Department of Social Services (DSS) initially implemented safety plans for all five of Mother's children, when the caregiver became unable to continue caring for the children, DSS implemented new safety plans for three of the children— including Child—and filed a request for ex parte removal of the remaining two children.  The family court placed the two children in emergency protective custody.  At the probable cause hearing, the family court added Child to the action as a "Subject Child of Interest" but did not place her in DSS custody.[1]

---

[1] The family court also added Child's remaining two siblings as children of interest at the probable cause hearing; however, the court then placed one of these two children in emergency protective custody at the same hearing.  At the motion hearing from which this appeal stems, DSS informed the family court that all four of Child's siblings were in DSS custody.

DSS subsequently filed a "Motion to Transfer Custody" of Child to Father, who lived in Alabama and was never made a party to the action. Although the motion hearing was scheduled to be heard on the same day as the merits removal hearing, the family court continued the removal hearing due to attorney unavailability and only held a hearing on DSS's motion. Father testified at the hearing that although no custody order existed regarding Child, he had paid child support for her and had been a part of her life since she was eight months old. Child also spent three weeks over the most recent summer with Father. DSS informed the family court that it had conducted background checks on Father and his wife for the summer visitation, and no problems arose during the visit.

The family court's order acknowledged that at the time of the hearing, Mother retained custody of Child. It stated that "[r]etention of the child in, or return of the child[] to, the home of Defendant[] would place the child at an unreasonable risk of harm affecting the child's life, physical health or safety, and/or mental well-being." Moreover, the court found Child could not "be protected reasonably from this harm without being removed from the home because: Defendant has not completed a treatment plan as the [m]erits hearing has not [been] heard yet." Accordingly, the family court granted Father "[l]egal and physical custody with all rights of guardianship," ordered Mother's visitation with Child to occur at Father's discretion, dispensed with Father's child support obligation, and dismissed Child from the action.

We hold the family court erred in granting Father permanent custody of Child and dismissing Child from the action because doing so removed Child from Mother's custody without following the requisite statutory procedure. Section 63-7-1660(E) of the South Carolina Code (2010) reads, "The [family] court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the [removal] petition are supported by a preponderance of evidence . . . ." The statute requires further findings (1) that the child has been abused or neglected and (2) "that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed." *Id.* Although this case is not a typical removal action in which the family court has removed custody from a parent and granted it to a third party, the court has removed custody from Mother. The order acknowledges that at the time of the hearing, Mother retained custody of Child, and Father testified he did not have a custody order regarding Child. Moreover, the order's language—that returning Child to Mother's home would

place her at an "unreasonable risk of harm" and that she could not be protected from harm without removal—mirror that of the removal statute. Thus, we hold the family court was required to follow statutory procedures to remove custody from Mother before it could grant permanent custody to Father.[2] Accordingly, we reverse the family court's grant of permanent custody to Father and its dismissal of Child from the abuse and neglect action. Because Child continues to be a child of interest in this case, the family court shall schedule a hearing, with notice to the individual parties and to Father, to be heard within thirty days of remittitur to determine custody and placement of Child. Pending this hearing, the status quo shall be maintained.

**REVERSED AND REMANDED.**[3]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[2] Mother also argues the family court's order deprived her of her fundamental right to parent and prevented her from regaining custody of Child by authorizing DSS to forego reasonable efforts at reunification. Because our holding that the family court erred in granting Father permanent custody and dismissing Child from the action is dispositive, we decline to address Mother's additional arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address an appellant's remaining issues when the disposition of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.